DEEDEE KALAULI, a minor, by PATRICIA L. KALAULI, her natural mother and Guardian Ad Litem, and PATRICIA L. KALAULI, Plaintiffs-Appellants, *v.* BETTY ANN LUM, Defendant-Appellee

NO. 6089

OCTOBER 22, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam*. Plaintiffs-Appellants appeal a jury verdict in defendant's favor.

The issue on appeal is whether at any time prior to trial defendant was required to inform plaintiffs of defendant's possession of a tape recording of a telephone conversation between defendant's investigator and an eyewitness to the accident. We hold that defendant was not required to so inform plaintiffs absent a request by plaintiffs for such information.

Plaintiff-Appellant Deedee Kalauli (herein Deedee) was struck by a car driven by defendant-appellee on March 28, 1973. When the accident occurred, Deedee, who was then three years old, was in the company of her 15-year-old cousin (herein the cousin) and her one-year-old brother.

The complaint was filed on March 15, 1974. The plaintiffs conducted no discovery of the defendant, formal or informal, and filed a statement of readiness on May 13, 1974. Thereafter, defendant submitted written interrogatories to the plaintiffs and orally deposed Deedee and the cousin.

Jury trial commenced on January 20, 1975. The plaintiffs presented three witnesses: the cousin, a medical doctor and the minor's mother. The cousin apparently[1] testified that, while walking home from the store, Deedee broke from her grasp, entered the street in front of two parked vehicles and was struck by defendant's automobile.

After plaintiffs rested but before any of defendant's witnesses testified, defendant requested the trial court's permission to continue cross-examination of the cousin about a statement inconsistent with her testimony which she allegedly made on the day of the accident in a tape recorded telephone conversation with an investigator from defendant's insurance company. In the telephone statement, the responding voice said that Deedee entered the street between the two parked vehicles. The cousin denied that she was the second party in the taped conversation.

---

[1] The record on appeal does not contain a transcript of the trial.

Before allowing defendant to question the cousin about the alleged prior inconsistent statement, the court, while the jury was excused, heard testimony about the alleged telephone conversation from the insurance investigator and the cousin. Thereafter the court ruled that it would allow the cousin to be examined before the jury about it.[2] Defendant, however, then decided not to question cousin about the alleged conversation and the jury was never told about it.

Thereafter, defendant presented three witnesses: the defendant and two police officers who investigated the accident. Apparently the defense witnesses testified that Deedee entered the street in front of the two parked cars rather than between them.

The jury entered verdict for the defendant. Plaintiffs filed a motion to set aside jury verdict and for new trial, which motion was denied.

The essence of plaintiffs' contention on appeal is that Hawaii Revised Statutes (HRS) § 621-23, Hawaii Rules of Civil Procedure, rules 30(c) and 43(b), and procedural due process required defendant to inform plaintiffs about the existence of the taped conversation and to provide plaintiffs with a transcript thereof within a reasonable time after it was taken, or when the cousin was deposed, or at the pretrial conference with the judge or, at the latest, prior to trial.

In response to the question why plaintiffs were complaining about a taped telephone conversation which was never mentioned in front of the jury, the plaintiffs' attorney explains that his case would have been enhanced if the evidence showed that Deedee entered the street a car length prior to the point of impact rather than at the point of impact. Such a conclusion is highly debatable. Moreover, it assumes that notwithstanding the change of the point of entry the point of impact would not change. The record does not indicate if such an assumption is warranted.

---

[2] We do not rule on the appropriateness of the insurance investigator's actions in obtaining and recording the cousin's statement nor do we rule on the correctness of the lower court's decision in deciding to allow the cousin to be examined before the jury about the alleged prior inconsistent statement.

Surely, evidence of a prior inconsistent statement would have been harmful to the plaintiffs' case if it was brought to the jury's attention after the cousin testified. Therefore, knowledge of the prior statement could help the plaintiffs' case only if it was obtained prior to the cousin's testimony and only if the cousin did not testify or testified differently than she did.

On appeal, plaintiffs' attorney candidly suggests that had he known of the existence of the tape recorded statement the cousin might have testified differently and plaintiffs might have had a better case. Our response is that nothing in the record before us indicates that cousin's testimony before the jury was anything but her truthful recollection of the facts.

The basic philosophy of our rules of civil procedure is that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged. 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURES: Civil § 2001. The rules, however, require affirmative action by the party who is seeking information. The rules do not require a party to volunteer information; they only require a party to give information if and when it is requested.

Plaintiffs failed to learn about the taped conversation not because defendant failed to tell plaintiffs about it but because plaintiffs failed to ask defendant about it. Plaintiffs, therefore, have no grounds for complaint.

Affirmed.

*Joseph A. Ryan* for plaintiffs-appellants.

*Kenneth S. Robbins* (with him on the brief *Harold Chu)* for defendant-appellee.